## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| DELILAH MUNIZ, | NO. 16-20250 |
| DEBTOR | JUDGE: DOYLE |

### AGREED ORDER CONDITIONING STAY

THIS CAUSE coming to be heard on the Motion For Relief From Automatic Stay or In the Alternative to Dismiss the Case of Movant, U.S. Bank, National Association, Successor Trustee to Wilmington Trust Company, Successor Trustee to Bank of America, N.A., Successor by Merger to LaSalle Bank, National Association, as Trustee for LXS 2007-6 through Shapiro Kreisman & Associates, LLC, this court being fully advised:

IT IS ORDERED:

1. Debtor shall cure the post-petition default through September 30, 2016 and reimburse attorneys' fees and costs for the motion by payment as follows:

| | | |
|---|---|---|
| A. | On or before September 27, 2016 | $5,218.00 |
| B. | On or before October 15, 2016 | $164.82 |
| C. | On or before November 15, 2016 | $164.82 |
| D. | On or before December 15, 2016 | $164.82 |
| E. | On or before January 15, 2017 | $164.82 |
| F. | On or before February 15, 2017 | $164.82 |
| G. | On or before March 15, 2017 | $164.78 |

** That all payments made pursuant to this Order shall be applied first to reimburse U.S. Bank, National Association, Successor Trustee to Wilmington Trust Company, Successor Trustee to Bank of America, N.A., Successor by Merger to LaSalle Bank, National Association, as Trustee for LXS 2007-6 for attorneys' fees of $850.00 and costs of $176.00 incurred in connection with this motion, a related motion or a related objection to confirmation. All further payments will be applied in the manner prescribed by the subject note and mortgage. Please send payment directly to: Nationstar Mortgage, P.O. Box 619094, Dallas, TX 75261-9741.

The default consists of payments from July 2016 to September 2016 in the amount of $1,726.96 each and attorneys' fee and costs as stated above with a total default of $6,206.88 through September.

If Debtor fails to comply with the payment schedule above, then the provisions of paragraph 3, shall apply. These payments are to be made in addition to any other payments required under the Debtor's plan.

2.      Until such time as the payments set forth in paragraph 1 are paid in full, if Debtor fails to pay the post-petition mortgage payment such that two payments are due and unpaid, then the provisions of paragraph 3 shall apply.

3.      If Debtor fails to comply with the terms of paragraphs 1 or 2 then the Stay shall be modified, without further order of court, so as to allow Movant to proceed with foreclosure, eviction, or any other action to preserve and enforce its rights with regard to the property commonly known as 3806 North Odell, Chicago, IL 60634, PROVIDED that written notice of default is served on the Debtor, Debtor's Attorney, and the Chapter 13 Trustee. The Stay shall be modified upon the issuance of the notice of default unless paragraph 4 allows for cure in which case the Stay is modified upon the expiration of the cure term if Debtor fails to cure.

4.      If a notice of default is issued the Stay shall not be modified pursuant to paragraph 3 if Debtor cures by payment of the amount specified in the notice of default, which may include attorneys' fees not to exceed $100.00 incurred for the issuance of the notice of default, within 15 days of the mailing of the notice of default. In order to cure, funds must be paid in the form of certified check, money order or cashier's check payable to U.S. Bank, National Association, Successor Trustee to Wilmington Trust Company, Successor Trustee to Bank of America, N.A., Successor by Merger to LaSalle Bank, National Association, as Trustee for LXS 2007-6 or current servicer and tendered at the offices of Shapiro Kreisman & Associates, LLC at the address below. The 15 day period may be used as a grace period in which to cure defaults.

5.      Until such time as this order is no longer in effect, the Creditor (its successors, assigns and /or agents) may, at its discretion, engage in loss mitigation efforts by contacting the Debtor(s) directly. The terms of any agreement reached in that regard during the pendency of this order shall be subject to the approval of this Court.

Dated: 9/27/16

Entered: _____
Bankruptcy Judge

2

Mike Kalkowski ARDC #6185654
Richard B. Aronow ARDC# 03123969
Michael N. Burke ARDC#6291435
Shapiro Kreisman & Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
16-080605

**The firm of Shapiro Kreisman & Associates, LLC is a debt collector. This is an attempt to collect a debt. Any information may be used for that purpose. If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**